# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY JEMISON, | |
| Petitioner, | NO. 3:18-CV-0702 |
| v. | (JUDGE CAPUTO) |
| WARDEN ODDO, | |
| Respondent. | |

## MEMORANDUM

Presently before me is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Terry Jemison ("Petitioner"). Specifically, Petitioner claims that the Bureau of Prisons ("BOP") incorrectly computed the time remaining on his sentence. For the reasons that follow, the petition will be denied.

## I. Background

Petitioner, Terry L. Jemison/Dexter Lorantho Jemison, was convicted in the United States District Court for the Central District of Illinois on November 15, 1995 of being a felon in possession of a firearm. (*See* Teters Decl., ¶ 3 & p. 12). The district court sentenced Petitioner to a 52 month term of imprisonment and three (3) years of supervised released. (*See id.*).

On January 19, 2000, Petitioner was arrested in Peoria, Illinois for bank robbery, and he remained in the custody of the United States Marshals Service through sentencing. (*See* Teters Decl., ¶ 4 & Attach. "1", 2). Petitioner pled guilty to armed bank robbery and using/carrying a firearm during a crime of violence in the Central District of Illinois. (*See* Teters Decl., Attach. "2", 2). On December 21, 2000, Petitioner was sentenced to 168 months on the armed bank robbery charge and 84 months on the firearm charge. (*See id.* at Attach. "2", 3). The sentences were ordered to run consecutively, for an aggregate term of 252 months. (*See id.*). The same day, Petitioner, having admitted to violating his term of supervision from his 1995

conviction, was sentenced to "24 months, to be served consecutively to the sentence imposed in [the armed bank robbery case] CD/IL Case No. 00-10007-002." (*See id*. at Attach. "3", 2-3).

In the instant petition, filed on March 30, 2018, Petitioner contends that the "sentence computation monitoring data" is incorrect in that it shows that he has to complete the 24 month term when he claims that this time has already been served. (*See* Doc. 1, ¶¶ 5-6).

In response to the petition, the BOP completed a sentence computation. (*See* Teters Decl., ¶¶ 9-14). Regarding the 2000 conviction, Petitioner received prior custody credit from January 19, 2000, his date of arrest, until December 20, 2000, the day he was sentenced, for a total of 337 days. (*See id*. at ¶ 10 & Attach. "5", 4). Petitioner's projected statutory release date from that sentence is September 26, 2020. (*See id*.). This sentence was imposed in 2000 pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). (*See id*. at ¶ 11 & Attach. "5", 2-3 (identifying "PLRA sentence" as the "sentence procedure")).

The BOP also completed a sentence computation for the conviction for Petitioner's violation of the terms of his supervised release. (*See* Teters Decl., ¶ 12). This 24 month sentence begins on the date Petitioner completes his sentence from the armed bank robbery case, so the computation prepared by the BOP indicates that this sentence is to commence on September 26, 2020. (*See id*. at Attach. "7", 3). Petitioner's current projected satisfaction date is June 23, 2022. (*See id*.). Petitioner's 1995 conviction was imposed under the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"). (*See id*. at ¶ 11 & Attach. "7", 2).

Petitioner filed a traverse to the Government's opposition. (*See* Doc. 10, *generally*). Therein, Petitioner reiterates his view that the BOP has incorrectly calculated his sentence. (*See id*.).

The petition has now been fully briefed, so it is ripe for disposition.

## II. Legal Standard

28 U.S.C. § 2241 vests federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

## III. Discussion

Petitioner's challenge to the BOP's calculation of his sentence is properly brought pursuant to § 2241. *See Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015). The Attorney General, through the BOP, is responsible for administering a federal inmate's sentence and computing the credit to be awarded for time spent in official detention prior to the commencement of the sentence. *See United States v. Wilson*, 503 U.S. 329, 333-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (interpreting 18 U.S.C. § 3585(b)). The BOP's decision is subject to judicial review under 28 U.S.C. § 2241. *See Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009). The two major factors in a federal sentencing calculation are: (1) when the federal sentence begins; and (2) the time to be credited for custody prior to commencement of the sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996), *aff'd*, 100 F.3d 946 (3d Cir. 1996).

A federal sentence commences "on the date that the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). It is, therefore, clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody . . . ." 18 U.S.C. § 3585(a).

In the matter *sub judice*, the BOP computed Petitioner's sentence to commence

3

on December 21, 2000. That is the date he was sentenced in the Central District of Illinois, so the BOP was correct in determining that his sentence on the armed bank robbery case began running on December 21, 2000.

The BOP also found that Petitioner was entitled to credit from the time of his arrest until sentencing, *i.e.*, January 19, 2000 until December 21, 2000. Credit for time spent in custody prior to the commencement of a federal sentence is controlled by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id*. "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 337, 112 S. Ct. 13514. Thus, pursuant to § 3585(b), the BOP cannot award prior custody credit if the prisoner has already received credit for that time toward another sentence. *See United States v. Vega*, 493 F.3d 310, 314 (3d Cir. 2007); *Chambers*, 920 F. Supp. at 623 ("Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence.").

Here, Petitioner was granted credit from the day he was taken into custody on January 19, 2000, through December 20, 2000, the day before his sentence was imposed. As Petitioner was granted credit for the entire time he was in custody prior to the imposition of his sentence, he is not entitled to any further credit.

Nonetheless, Petitioner contends that his 24 month sentence for his supervised release violation has already been completed. But, the record evidence makes clear that this sentence, which was ordered to run consecutively to the sentence in the armed

4

bank robbery case, (*see* Teters Decl., Attachs. "2"-"3"), does not begin until Petitioner completes his aggregate 252-month sentence on the armed bank robbery and possession of a firearm during a crime of violence convictions. (*See id*. at ¶ 13 & Attach. "7"). The BOP Sentence Monitoring Computation Data reflects that as of January 31, 2019, Petitioner had served 19 years and 14 days of his 21 year sentence on the 2000 armed bank robbery conviction, and this time period clearly includes the 337 days Petitioner received credit for when he was in custody prior to sentencing. (*See id*. at Attach. "5" (January 19, 2000 through January 31, 2019 is 19 years and two weeks)).

Insofar as Petitioner claims that the BOP's failure to aggregate his two sentences demonstrates that he has already served his 24 month sentence for the violation of his supervised release, he is mistaken. As stated before, Petitioner's 1995 sentence was imposed under the VCCLEA, while his 2000 armed robbery conviction was imposed under the PLRA.

> The Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA") (Pub.L. 103-322, Title II, §§ 20405, 20412, 108 Stat. 1825, 1828), became effective September 13, 1994. It amended 18 U.S.C. § 3624(b) by requiring inmates convicted of violent crimes to demonstrate exemplary compliance with the BOP's disciplinary regulations in order to earn good conduct time. Under VCCLEA, good conduct time accrues only on sentences longer than one year in length, but less than life, and does not vest until the inmate earns, or is making satisfactory progress toward, his high school diploma or its equivalent. Sentences imposed between September 13, 1994 to April 25, 1996, are calculated pursuant VCCLEA.
>
> The Prison Litigation Reform Act of 1995 ("PLRA") (Pub.L. 104-134, Title I, § 101 [ (a) ] [Title VIII, § 809(a) ], Apr. 26, 1996, 110 Stat. 1321-76; renumbered Title I Pub.L. 104-140, § 1(a), May 2, 1996, 110 Stat. 1327) became effective April 26, 1996. It amended 18 U.S.C. § 3624(b) by requiring all inmates to demonstrate exemplary compliance to earn good conduct time. Most significantly, under the PLRA good conduct time does not vest until an inmate is released from custody. The PLRA made good conduct time more difficult to earn, and good conduct time may be disallowed at any time during the disciplinary process, as it does not vest until an inmate's sentence is completed. The PLRA also enacted 28 U.S.C. § 1932, which provides that a court may revoke

> good conduct time earned upon a finding that an inmate filed litigation maliciously or solely for the purpose of harassing the other party, or that he presented a false claim. Sentences imposed on or after April 26, 1996, are computed pursuant to the PLRA.

*Vitrano v. Marberry*, No. 06-310, 2008 WL 471642, at *2 (W.D. Pa. Feb. 19, 2008). As a result, "because the PLRA's computation of good conduct time is substantially different from the earlier statutory provisions, the BOP has determined that PLRA sentences cannot be aggregated with non-PLRA sentences for administrative purposes." *Id.*; *see also Triliegi v. Rios*, No. 11-201, 2013 WL 1896186, at *5 (E.D. Cal. May 6, 2013) (PLRA "precludes earlier vesting of good conduct time credits, which was possible under prior law.").

Pursuant to 18 U.S.C. § 3584(c), "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). However, the BOP has concluded that "PLRA sentences shall be aggregated with each other but shall not be aggregated with any other sentence because of the statutory differences between the manner in which a PLRA sentence must be treated in relationship to other sentences (18 U.S.C. § 3584(c))." *See Program Statement* 5880.28, Page 78S-78T (emphasis omitted); (*see also* Teters Decl., ¶ 5 & Attach. "6").[1] This is because the BOP cannot "treat PLRA and non-PLRA sentences as a single, aggregate term of imprisonment for administrative purposes" in light of the differences in the computation of good conduct time between the PLRA and the VCCLEA. *Vitrano*, 2008 WL 471642, at *5. As the agency with responsibility for implementing the computation of federal sentences, this was a proper exercise of the BOP's policymaking authority. *See id.*

In sum, the record reflects that the BOP's computation of Petitioner's consecutive sentences imposed in the armed bank robbery case and for the supervised

---

[1] *See* https://www.bop.gov/policy/progstat/5880_028.pdf (last visited October 29, 2019).

6

release violation has been done in accordance with applicable law and BOP policy. While Petitioner claims that he has already served his 24 month sentence for the supervised release violation, that contention lacks support in the documents and evidence of record. Indeed, the record evidence establishes that the Petitioner will begin serving that sentence in or about September 2020 at the conclusion of Petitioner's 21 year sentence on his convictions for armed bank robbery and using/carrying a firearm during a crime of violence. Thus, Petitioner is not entitled to habeas relief.

### IV. Conclusion

For the above stated reasons, the petition for writ of habeas corpus will be denied.

An appropriate order follows.

November 1, 2019 /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge